FRED KAUTZ v. STATE.

No. A-4186.     Opinion Filed April 28, 1923.
(214 Pac. 737.)

(Syllabus.)

**Trial—Prejudicial Error in Permitting County Attorney to Read to Jury Order of Court Wherein Liquor Was Found Intoxicating.** In a prosecution for the unlawful possession of alleged intoxicating liquor, to wit, 35 gallons, of wine, seized and taken from the possession of the defendant under a search warrant, the court, against defendant's objections, permitted the county attorney to read to the jury the finding and order of the court in a proceeding wherein said alleged intoxicating liquor was found to be intoxicating, and ordered the same to be confiscated and destroyed. Held prejudicial error.

Appeal from County Court, Payne County; Raymond H. Moore, Judge.

Fred Kautz was convicted of violation of the prohibitory liquor law, and he appeals. Reversed.

John P. Hickam, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error, Fred Kautz, was tried and convicted on a charge that he did have in his possession certain intoxicating liquor, to wit, about 35 gallons of fermented wine, containing more than one-half of 1 per cent. of alcohol, measured by volume, with the unlawful intent then and there to sell the same. The jury failed to agree upon the punishment.   December 10, 1921, the court rendered judgment sentencing the defendant to be confined for 30 days in the county jail, and to pay a fine of $300 and the cost.   To reverse the judgment the defendant appeals.

It appears that defendant, Fred Kautz, was a farmer, living in Elm Grove township, Payne county, and that he

had lived there on his homestead for 33 years; that on the date alleged Ross Carson, deputy sheriff, John F. Vaughan, county attorney of Payne county, and one L. J. Tusing went to the home of said defendant, about 2 o'clock in the morning, and searched the house of said defendant, and carried therefrom a barrel and some kegs and the contents thereof, which the evidence for the state tended to show was wine. The evidence of the defendant tended to prove that the contents of the vessels was grape juice.

The Attorney General has filed a confession of error, which we adopt as the opinion of the court. It is as follows:

"Confession of Error.

"That there was error committed by the trial court in this cause cannot be denied in that the county attorney took the witness stand in behalf of the state and identified and offered in evidence plaintiff's Exhibit K, and plaintiff's Exhibit L. Objection was made to the introduction of the plaintiff's Exhibit L (page 133 of the case-made), and exceptions allowed. Plaintiff's Exhibit L is found on pages 233 and 234 of the case-made, and is the judgment of the court confiscating the liquor seized under the search warrant, and contains the following language of the court, to wit: 'And that such forfeited property and things, other than of value and adapted to a lawful use, to wit, two one-gallon jugs, four 15-gallon kegs, and one 45-gallon barrel, all containing wine, should, after the same is no longer needed for evidence, be turned over to the board of county commissioners by said sheriff of said county,' etc. We are confronted with this condition of things: Plaintiff in error's property is searched under a search warrant; certain articles were seized and taken into custody by the sheriff; a hearing was had thereon by the county court, and in rendering his judgment the court held positively that the containers mentioned contained wine. It is a matter of judicial knowledge that wine is an intoxicating

liquor, and to permit the state to introduce this judgment of the court as evidence for the consideration of the jury in trying a man charged with having had possession of intoxicating liquor, it amounted to the court saying to the jury: 'Gentlemen, I have examined the facts in this case and have determined that the liquor found in the possession of the defendant was intoxicating liquor.' It can be truthfully said, and most especially can it be said of the trial judge in this case, that judges exercise a peculiar and strong influence over the citizenship of their county with regard to the truthfulness of statements made by them. They must be good men, truthful and honest, or else they will not be elevated to the position occupied by judges, and to permit a trial court to say in advance to a jury, trying one of the citizens of its county, that they had determined the facts, and thereupon decided the matter, detailing what that decision was, amounts to a miscarriage of justice not contemplated by our laws, and one which should not be tolerated.''

For the errors indicated, the judgment of the trial court is reversed.

MATSON, P. J., and BESSEY, J., concur.